IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT FIELD, et al., : | |
| Plaintiffs, : | |
| : | |
| v. : | Civ. No. 14-4427 |
| : | |
| DIRECTV LLC, et al., : | |
| Defendants. : | |
| : | |

# O R D E R

Plaintiffs filed a Second Amended Complaint against Defendants DIRECTV, LLC, DirectSat USA LLC, and MasTec North America Inc., alleging violations of the Fair Labor Standards Act and related Pennsylvania labor laws. Defendant DirectSat has moved to sever the claims against it and Defendant MasTec because: (1) DirectSat and MasTec are distinct entities and did not engage in any "transaction or occurrence" together; and (2) the claims against them do not present "any question of law or fact common to all defendants." (Doc. No. 32); see Bradley v. Choicepoint Servs., Inc., No. 07-1255, 2007 WL 2844825, at *1 (E.D. Pa. Sept. 27, 2007) (joinder is only appropriate where both requirements are satisfied). I will deny the Motion.

Plaintiffs have demonstrated a "logical relationship" to satisfy the "transaction or occurrence" requirement: they allege that DIRECTV operated a scheme with multiple service providers. According to Plaintiffs, DIRECTV used the service providers DirectSat and Mastec as "middle managers" so that all three of these Defendants could label Plaintiffs "independent contractors." This makes out a logical relationship. See id. at *2 ("In determining whether multiple claims arise from the same transaction or occurrence, courts look to whether a 'logical relationship' exists among the claims. A logical relationship exists when 'the central facts of

each plaintiff's claim arise on a somewhat individualized basis out of the same set of circumstances." (internal citations and quotation marks omitted)).

Plaintiffs have also shown a "common question of law or fact": they allege that the service providers' agreements with DIRECTV were "substantively identical," and that "each technician's essential job duties are virtually identical no matter where performed and no matter which intermediary the technician is ostensibly working for." (Doc. No. 30 ¶ 31.) They thus share the question of whether these "essential job duties" and relationships to DIRECTV rendered them "employees" of DIRECTV and the service providers. See Bradley, 2007 WL 2844825 at *2 ("The common question of law or fact prerequisite necessitates a very low threshold. Plaintiffs need only share one common question of law or fact." (internal citations and quotation marks omitted)).

I also have "broad discretion" to sever the claims even if they are properly joined. See Graudins v. Retro Fitness, LLC, 921 F. Supp. 2d 456, 467 (E.D. Pa. 2013). In deciding whether to sever, I may consider: avoiding prejudice, promoting expedition and economy, and convenience of the parties. Id. at 468. Here, where the service providers allegedly took the same actions with respect to DIRECTV, it will be more expeditious to take discovery in only one proceeding, not three, and eventually to have only one trial. The service providers suggest that all Defendants are competitors, and that the discovery process would yield "confidential proprietary and commercial information." (Doc. No. 32-1 at 15). To the extent this is a problem, the Parties may seek an appropriate protective order. See Fed. R. Civ. P. 26(c). The Parties may also later move to sever if such information becomes relevant for trial. See Fed. R. Civ. P. 21.

**AND NOW**, this 21st day of August, 2015, upon consideration of Defendant DirectSat's Motion to Sever (Doc. No. 32), it is hereby **ORDERED** that the Motion to Sever is **DENIED without prejudice.**

          **AND IT IS SO ORDERED.**

          */s/ Paul S. Diamond*

          _____

          Paul S. Diamond, J.